Rogelio Jordan MERLOS,
Petitioner–Appellant,

v.

**U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent–Appellee.**

No. 05–55119.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 20, 2006.*

Filed Nov. 1, 2006.

Xavier Rosas, Law Offices of Enrique Arevalo, South Pasadena, CA, for Petitioner–Appellant.

Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Respondent–Appellee.

Before KLEINFELD and BYBEE, Circuit Judges, and WHALEY **, U.S. District Judge.

MEMORANDUM ***

Rogelio Jordan Merlos petitions for review of the Board of Immigration Appeals's dismissal of his withholding of removal claim.[1] Merlos is a native and citizen of Mexico convicted of money

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. It is unclear whether Merlos also petitions for review of his Convention Against Torture claim.

laundering in violation of 18 U.S.C. § 1956(h). The Immigration Judge denied Merlos's asylum, withholding of removal, and Convention Against Torture claims, concluding he was statutorily ineligible for asylum under U.S.C. § 1158(b)(2)(B)(I) because he was convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(D), statutorily ineligible for withholding of removal under 8 U.S.C. § 1231(b)(3) because he was convicted of a "particularly serious crime," and ineligible for relief under the Convention Against Torture because he failed to show he would be persecuted or tortured if he were returned to Mexico.

The Board of Immigration Appeals adopted the Immigration Judge's finding of fact and dismissed Merlos's appeal. While the Board of Immigration Appeals found Merlos was not convicted of a "particularly serious crime" under 8 U.S.C. § 1231(b)(3), it denied his withholding of removal and Convention Against Torture claims because he failed to show he would be persecuted or tortured if he were returned to Mexico.

We find the Board of Immigration Appeals permissibly relied on the Immigration Judge's findings of fact in dismissing Merlos's appeal of his withholding of removal and Convention Against Torture claims. We also find the Department of Homeland Security did not violate due process by removing Merlos to Mexico while he had an ex parte application for stay of removal pending before the district court.[2]

The petition is DENIED.

---

**2.** See Andreiu v. Ashcroft, 253 F.3d 477, 479–84 (9th Cir.2001) (en banc).